USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: MAVIS ALICIA ANDREWS

26-mc-44 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Mavis Alicia Andrews, who is self-represented, initiated this matter as a miscellaneous action on January 20, 2026. Dkt. No. 1. "The District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). The Manual provides that assignment of a miscellaneous case number is proper where a plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* (citing District Clerks' Manual § 4.03(a)(1)(ii)-(xvi)). A miscellaneous case number may also be assigned to an ancillary proceeding that is "directly or indirectly related to an ongoing federal civil or criminal case." *Id.* at *2; *see* District Clerks' Manual § 4.03(a)(1).

In this action, Plaintiff has filed a two-page letter addressed to the "New York Court Administrator" regarding the "unauthorized administration" of the Mavis Alicia Andrews estate. Dkt. No. 1. The letter states that Plaintiff has enclosed what she describes as "abandoned paperwork which appears to erroneously allege that a judicial officer, who by his unwarranted acts, fraudulently claim[s] authority from this executor office to administer for the MAVIS

ALICIA ANDREWS Estate." *Id.* at 1. The paperwork in question includes a misdemeanor complaint filed against Mavis Andrews in the Criminal Court of the City of New York, County of Richmond, on November 30, 2025, which includes charges for assault in the third degree and harassment in the second degree. *Id.* at 3. Plaintiff also attaches an "Affidavit of Status, Notice, and Demand for Remedy" which appears to have been originally filed in a separate case proceeding before Judge Furman in this District, *id.* at 4–8, as well as a document titled "No Consent to Digital Impersonation, No Trespass to My Genetic Code, Name, Soul, or Divine Essence," *id.* at 9–11. Plaintiff's initiating document purports to request that the Court "cease and desist all of [its] agents and agencies from further trespassing and intruding the estate," and further states that the Court is "hereby warranted by the executor office and appointed trustee regarding this matter, effective immediately." *Id.* at 1.

Upon review of these filings, it is evident that this matter is not one of the limited matters for which use of the miscellaneous docket is proper. Although Plaintiff's request appears to seek some form of injunctive relief with respect to a criminal case proceeding against her in state court, Plaintiff has not shown that this action is an ancillary proceeding related to an ongoing federal civil or criminal case. Therefore, this case cannot proceed under the miscellaneous docket. *See, e.g.*, *Pugach v. Bessent*, 2025 WL 2772912, at *1 (S.D.N.Y. Sept. 26, 2025) (dismissing action without prejudice "on the ground that it is not a proper miscellaneous case"); *In re Real Prop. Known as 5401 Collins Ave. #828 Miami Beach, Fla.*, 2025 WL 3654060, at *2 (S.D.N.Y. Dec. 17, 2025) (same); *Jimenez*, 2026 WL 962592, at *1 (S.D.N.Y. Apr. 9, 2026) (same).

This matter also cannot be considered to be a civil action. A civil action may be commenced only by filing a complaint with the Court, Fed. R. Civ. P. 3, and the complaint must

satisfy the standards of pleading set forth in Federal Rule of Civil Procedure 8. A person initiating a civil action also must either pay the filing fee or submit an application to proceed *in forma pauperis* as required by 28 U.S.C. §§ 1914 and 1915. Plaintiff has not filed a complaint and has not paid a filing fee or submitted an *in forma pauperis* application.[1]

Accordingly, this matter is DISMISSED without prejudice. Dismissal without prejudice does not prevent Plaintiff from commencing a new civil action under Federal Rule of Civil Procedure 3. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including self-represented litigants, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[1] The filing fee for a miscellaneous case is $52.00 while the filing fees for a civil action total $405.00.

[2] At present, Plaintiff's initiating document and accompanying exhibits do not appear to establish a basis for this Court's jurisdiction, and, in any event, federal courts generally will not intervene with pending state criminal proceedings. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

The Clerk of Court is respectfully directed to terminate Dkt. No. 1, to mail a copy of this Order to Plaintiff at the address listed on the docket, and to close this case.

SO ORDERED.

Dated: November 13, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge